16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joe Thomas CEDILLO, Jr., Petitioner-Appellant,
v.
Richard JOHNSON, Warden, Carson City Correctional Facility,
Respondent-Appellee.
 No. 93-1419.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 Before: MILBURN and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Joe Thomas Cedillo, Jr., a Michigan prisoner represented by counsel, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1986, a jury convicted Cedillo of aiding and abetting first degree murder and possession of a firearm during the commission of a felony. He was sentenced to life in prison without the possibility of parole, plus two years. While Cedillo's appeal to the Michigan Court of Appeals was pending, another individual involved in the shooting (Gonzales) was apprehended, and Cedillo sought a remand to the trial court so that he could move for a new trial. His case was remanded, but the trial court denied the motion for a new trial. The Michigan Court of Appeals affirmed Cedillo's convictions, and the Michigan Supreme Court denied his subsequent leave to appeal.
 
 
 3
 In his petition for habeas corpus, Cedillo argued that: 1) there was insufficient evidence to establish his guilt beyond a reasonable doubt; 2) the trial court's instruction regarding intent was so deficient as to deprive him of due process; 3) the trial court deprived him of due process when it denied his motion for a new trial; and 4) the prosecutor's comments during his closing argument constituted prosecutorial misconduct. The magistrate judge filed a report declining to address an exhaustion issue pursuant to Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir.1987) (a federal court may ignore the exhaustion issue if judicial economy would be served), and recommended that the district court dismiss the petition as without merit. Over Cedillo's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. Cedillo has filed a timely appeal.
 
 
 4
 Upon review, we affirm the district court's judgment because Cedillo has not shown that the proceedings against him were fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 First, there was sufficient evidence presented to support Cedillo's convictions. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Second, Cedillo's claim that the trial court violated his due process rights when it improperly instructed the jury on the element of intent is not subject to review because of his state procedural default. See Harris v. Reed, 489 U.S. 255, 263-64 (1989). Cedillo is not entitled to habeas corpus relief on his third claim regarding newly discovered evidence because he has not shown that an independent constitutional violation occurred in the underlying state criminal proceeding. See Herrera v. Collins, 113 S.Ct. 853, 860 (1993). Finally, Cedillo has not established that the prosecutor exhibited any misconduct that denied him a fundamentally fair trial. See Martin v. Foltz, 773 F.2d 711, 716 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.